[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S "MOTION TO RE-ARTICULATE" (#154), DEFENDANT'S "MOTION FOR SUGGESTED ARTICULATION" (5/15/90), PLAINTIFF'S "OBJECTION TO SUGGESTED ARTICULATION" (#155)
A court hearing was held on the above matters before the undersigned on Thursday, June 7, 1990. This matter has been previously treated in a Memorandum of Decision filed in the clerk's office on June 18, 1990 (#157). As stated in Part II of the aforesaid memorandum, the court had scheduled a further hearing for June 11, 1990. This hearing was subsequently cancelled at the request of both parties with the announcement that they had reached an agreement on the issue of the court's order relative to the plaintiff's pension. The announcement further advised that a promissory note was being prepared together with a security document which would provide for the division of the plaintiff's pension benefits as agreed to by the parties. Further, that these new documents would be submitted to the court for approval and implementation by a corrective order of the original judgment as subsequently articulated. This was provided for by the court in its earlier memorandum, supra, as follows: "Any further order of the court on this issue of the Motion To Re-Articulate is withheld at this time."
On December 17, 1990 a letter was filed in the clerk's office addressed to the undersigned announcing the parties' agreement wherein the plaintiff would pay the sum of $10,000.00 to the defendant in lieu of any award in and to his pension benefits. It was further announced that this sum was secured by a "Mortgage Deed and Note (enclosed)." The letter is signed by each of the attorneys. Attached to it is a copy of the promissory note and mortgage deed each signed by the plaintiff John Joseph O'Keefe.
Having considered the totality of the circumstances in this case, I find that the agreement reached by the parties is fair and equitable and is accordingly approved.
The original judgment of the court as set forth on the "Dissolution Of Marriage Disposition Sheet" dated March 7, 1990 relating to the plaintiff's pension benefits in paragraph 4 is set aside and the following order is entered in lieu thereof:
 "4. Plaintiff's Pension: The plaintiff is ordered to pay to the defendant the sum of CT Page 468 $10,000.00 as the defendant's share of the plaintiff's pension benefits. The plaintiff shall issue to the defendant his promissory note for said sum and the same shall be secured by a mortgage deed on the premises known as No. 27 Huber Avenue, Meriden, Connecticut. Said promissory note shall provide for payment of the face amount in six equal annual installments of $1500.00 commencing September 15, 1990 and a seventh and final installment of $1,000.00 payable on September 15, 1996. Said note shall be non-interest bearing unless a default occurs, in which event interest shall then accrue at 8% per annum until paid in full together with costs of collection including a reasonable attorney's fee."
JOHN OTTAVIANO, JR. STATE TRIAL REFEREE